UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN M. BERRIEN, | Case No. 1:23-cv-2351 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Justin M. Berrien filed this lawsuit without a lawyer under 42 U.S.C. §1983 against the Director of the Ohio Department of Rehabilitation and Correction, Annette Chambers-Smith, Ohio Adult Parole Authority Chief Hearing Officer Michael Anderson, Lorain Correctional Institution Warden Jennifer Gillece-Black, and Northeast Ohio Correctional Center Warden David Bobby. (ECF No. 4, PageID #4–5.) Also, because he is presently incarcerated, Mr. Berrien seeks leave to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** that motion.

## BACKGROUND

Plaintiff avers that he is a federal pretrial detainee housed in the Butler County jail in Hamilton, Ohio. (ECF No. 4, PageID #6.) At the time he filed this action, a federal criminal case was pending against him in the Southern District of Ohio. *See United States v. Castellanos*, No. 2: 22-cr-157-ALM-6 (S.D. Ohio). Although his complaint is unclear and difficult to parse, it does not appear to pertain to

Plaintiff's federal criminal case. Instead, on its face, his complaint relates to post-release control sentences and sanctions imposed on him in prior, unspecified, State criminal cases. (ECF No. 4, PageID #6–7.) He states that "state agencies of Ohio and their respective agents" violated his rights by failing to acknowledge that his State post-release control sentences were "not to be stacked" and that, as a result of being "over sentenced by APA hearing officers," he has been "given two prison terms for the same crime." (*Id.*, PageID #7.) Also, Plaintiff complains that his rights were violated when he was denied the right to file grievances regarding his State convictions or sentences while incarcerated at Lorain Correctional. (*See id.*, PageID #6.) For these alleged violations of his rights, Plaintiff seeks only monetary relief: $25 million for "the fraud exhibited by these agencies the wrongful imprisonment, the mental anguish, the defamation of character and pain and suffering caused on [him]." (*Id.*, PageID #8.)

Originally, Plaintiff filed his complaint in the Southern District of Ohio, which transferred the case here *sua sponte* on the basis that Plaintiff's claims arose at Lorain Correctional and that, "aside from the physical addresses" of Defendants Chambers-Smith and Anderson, "there does not appear to be any connection to the Southern District of Ohio." *Berrien v. Chambers-Smith*, No. 2:23-cv-3929, slip. op. at 3 (S.D. Ohio Dec. 8. 2023). The Court does not find that Plaintiff's complaint has no connection to the Southern District of Ohio. In addition to two defendants being located in the Southern District, public information indicates that Plaintiff's underlying State criminal cases, and the imposition of his original State post-release

control sentence to which his complaint pertains, occurred in the Southern District. *See State v. Berrien*, No. CA2015-02-004, 2015 WL 6472534 (Ohio Ct. App. Oct. 26, 2015) (upholding Plaintiff's post-release control sentence imposed by a State trial court in the Southern District of Ohio). Nonetheless, the Court agrees with the transferring court that venue is appropriate in this District as well as the Southern District.

## ANALYSIS

Because Plaintiff proceeds *in forma pauperis* and seeks redress from from governmental defendants, his complaint is subject to screening in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. "[T]hese statutes require the court to dismiss any portion of the complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

To withstand dismissal under this standard, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The general Rule 8 pleading standard, as articulated in *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs of *pro se* prisoner complaints under §§ 1915(e)(2)(B) and 1915A). For the reasons that follow, the Court determines that Plaintiff's complaint fails to state a claim under Section 1983 under this governing standard, warranting dismissal.

First, Plaintiff sues Defendants in their official capacities only. (ECF No. 4, PageID #4–5.) "[I]ndividuals sued in their official capacities stand in the shoes of

3

the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)).

Plaintiff's complaint indicates that Defendants either work for the State of Ohio, or, for the Ohio Department of Rehabilitation and Correction, an agency of the State. But the Eleventh Amendment bars claims for damages against the State of Ohio and its agencies. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "[S]tate agencies, including corrections departments and defendants in their official capacities, cannot be sued for monetary damages without the state's consent, pursuant to the Eleventh Amendment." *Walker v. Michigan Dept. of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005). Accordingly, the Eleventh Amendment bars Plaintiff's claims for damages because Ohio has not consented to suits in federal court, and Congress has not abrogated Ohio's immunity under Section 1983. *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020).

Second, to the extent the Eleventh Amendment might not bar his claims, Plaintiff's complaint fails to state a cognizable claim under Section 1983. In *Heck v. Humphrey*, 512 U.S. 477, 477 (1994), the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." A claim under Section 1983 that fails to make such a showing is not cognizable. *Id.*

Plaintiff's claims under Section 1983 all imply the invalidity of his State court convictions and/or post-release control sentences. But he has not alleged or demonstrated that those convictions or sentences have been invalidated or called into question in any of the ways articulated in *Heck*. To the contrary, the Ohio Court of Appeals has upheld Plaintiff's convictions and sentences in the State trial court. *See State v. Berrien*, 2015 WL 6472534; *State v. Berrien*, No. CA2005-08-018, 2006 WL 2535758 (Ohio Ct. App. Sept. 5, 2006). Accordingly, Plaintiff's claims for damages are not cognizable, as *Heck* recognizes.

Finally, in addition to being barred by *Heck*, Plaintiff's claim that he was denied his constitutional right to file grievances is facially deficient. An inmate has a right under the First Amendment to file grievances against prison officials on his own behalf, but only if the grievances are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff has not alleged facts showing that he was denied the right to file a non-frivolous prison grievance. Plaintiff's complaint indicates that he, in fact, filed grievances at Lorain Correctional complaining "that he was not bound to post release control" in connection with a State-court criminal judgment,

5

but that such grievances were denied. (ECF No. 4, PageID #9–10.) Denying Plaintiff's grievances as to his State criminal sentences or convictions does not violate his First Amendment rights. Further, prisoners have no constitutionally protected "interest in unfettered access to a prison grievance procedure." *Walker*, 128 F. App'x at 445.

## CONCLUSION

For these reasons, Plaintiff's complaint fails to state a claim for relief under Section 1983. Therefore, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court **DISMISSES** the complaint.

**SO ORDERED.**

Dated: April 8, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio